UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| FRANK VAUGHAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| LEWISVILLE INDEPENDENT SCHOOL | § | Civil Action No. 4:19-cv-000109 |
| DISTRICT, and KRONDA THIMESCH, | § | |
| ALLISON LASSAHN, ANGIE COX, | § | |
| KATHERINE SELLS, JENNY PROZNIK, | § | |
| KRISTI HASSETT, and TRACY SCOTT | § | |
| MILLER, in their official capacities, | § | |
| | § | |
| Defendants. | § | |

**DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendants Kronda Thimesch, Allison Lassahn, Angie Cox, Katherine Sells, Jenny Proznik, Kristi Hassett, and Tracy Scott Miller, in their official capacities (collectively the Individual Defendants) file this Motion to Dismiss Plaintiff's Complaint for Declaratory and Permanent Injunctive Relief Concerning Violations of Section 2 of the Voting Rights Act (Complaint), and, in support thereof, respectfully would show the Court as follows:

**A.    Statement of the Case**

Plaintiff filed his Complaint on February 12, 2019, asserting claims against Lewisville Independent School District (Lewisville ISD or the District) and the Individual Defendants in their official capacities for alleged violations of Section 2 of the Voting Rights Act, as well as alleged violations of the Fourteenth and Fifteenth Amendments. (Dkt. 1, ECF pp.17-18). The Individual Defendants timely file this motion to dismiss requesting that the Court to dismiss Plaintiff's claims against them in accordance with Federal Rule of Civil Procedure 12(b)(6) for

failure to state a claim upon which relief can be granted.

**B.      Motion to Dismiss Standard**

Rule 12(b)(6) motions test the formal sufficiency of the pleadings and are "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim."[1] Lewisville ISD and the Lewisville ISD Employees bear the burden of showing that no claim has been stated upon which relief can be granted.[2] To survive a motion to dismiss, "the complaint must contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial."[3] A plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."[4] The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."[5] Moreover, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss" from being granted.[6] Nor do "threadbare recitals of a cause of action's elements, supported by mere conclusory statements" suffice for purposes of Rule 12(b)(6).[7]

**C.      Plaintiff's claims against the Individual Defendants in their official capacities are redundant and should be dismissed as a matter of law.**

It is well established that suing a government official in his or her official capacity is another way of pleading a claim against the entity for which the official is an agent.[8] An official

---

1 *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).
2 FED. R. CIV. P. 12(b)(6).
3 *Rios v. City of Del Rio*, 444 F.3d 417, 420-21 (5th Cir. 2006) (quoting 3 WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2d § 1216 at 156-159).
4 *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).
5 *Id*. at 555 (citation and footnote omitted).
6 *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002).
7 *Ashcroft v. Iqbal*, 566 U.S. 662, 678 (2009).
8 *Kentucky v. Graham*, 473 U.S. 159, 165 (1985); *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658, 690 n. 55. (1978).

capacity suit is to be treated as a suit against the entity itself.[9] Here, the Individual Defendants are all members of the Lewisville ISD Board of Trustees. (Dkt. 1, ¶¶16-22). It is clear from the face of Plaintiff's Complaint that the claims brought against the District are identical to those asserted against the Individual Defendants (*i.e.*, the District's Board Members) in their official capacities. (Dkt. 1). As such, the Court should dismiss the claims against the Individual Defendants in their official capacities because the claims are redundant, and of no independent legal significance, as they are the same as the claims asserted against the District.[10]

WHEREFORE, PREMISES CONSIDERED, the Individual Defendants pray that this Court grant their Motion to Dismiss Plaintiff's Complaint in accordance with Rule 12(b)(6), dismissing all of Plaintiff's claims against the Individual Defendants. The Individual Defendants pray for such other and further relief to which they may show themselves justly entitled, including attorneys' fees and court costs.

Respectfully Submitted,

By:   /s/ Meredith Prykryl Walker
      Meredith Prykryl Walker
      State Bar No. 24056487
      D. Craig Wood
      State Bar No. 21888700
      Christine S. Badillo
      State Bar No. 24046866

---

[9] *Id.* at 170-71; *U.S. ex rel. Adrian v. Regents of Univ. of Cal.*, 363 F.3d 398, 402 (5th Cir. 2004).
[10] *Kentucky*, 473 U.S. at 166; *Thompson v. City of Arlington*, 838 F. Supp. 1137, 1143 (N.D. Tex. 1993); *Abdeljalil v. City of Fort Worth*, No. 4:98-CV-342-A, 1998 WL 1967119, at *2 (N.D. Tex. Dec. 22, 1998).

Meredith Prykryl Walker
WALSH GALLEGOS TREVIÑO
RUSSO & KYLE P.C.
105 Decker Court, Suite 600
Irving, Texas 75062
214.574.8800
214.574.8801 (facsimile)
mwalker@wabsa.com

D. Craig Wood
WALSH GALLEGOS TREVIÑO
RUSSO & KYLE P.C.
1020 N.E. Loop 410, Suite 450
San Antonio, Texas 78209
210.979.6633
210.979.7024 (facsimile)
cwood@wabsa.com

Christine S. Badillo
WALSH GALLEGOS TREVIÑO
RUSSO & KYLE P.C.
505 E Huntland Drive, Suite 600
Austin, Texas 78752
512.454.6864
512.467.9318 (facsimile)
cbadillo@wabsa.com

ATTORNEYS FOR DEFENDANTS

## <u>CERTIFICATE OF SERVICE</u>

On March 22, 2019, I electronically submitted the foregoing document with the clerk of court for the United States District Court, Eastern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

William A. Brewer III
Michael J. Collins
Theresa L. Melia
Brewer Storefront, PLLC
1717 Main Street, Suite 5900
Dallas, Texas 75201

/s/ Meredith Prykryl Walker
Meredith Prykryl Walker