UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| FRANK VAUGHAN, § § | | |
| Plaintiff, § § | | |
| v. § | | Civil Action No. 4:19-cv-00109-SDJ |
| § § | | |
| LEWISVILLE INDEPENDENT SCHOOL DISTRICT, § § § | | |
| Defendant. § § | | |

## DEFENDANT LEWISVILLE INDEPENDENT SCHOOL DISTRICT'S MOTION FOR ATTORNEYS' FEES

Defendant Lewisville Independent School District (Lewisville ISD or the District) moves the Court for attorneys' fees as the prevailing party in this cause of action, as provided by 28 U.S.C. § 1927, 52 U.S.C. § 10310(e), and 42 U.S.C. § 1988(b), and respectfully would show the Court as follows:

### I. NATURE OF THE CASE AND ISSUES PRESENTED

Plaintiff asserted claims against Lewisville ISD and all individual members of the District's Board of Trustees (the Trustee Defendants) in their official capacities alleging the District's at-large system for electing the members of the District's Board of Trustees violates Section 2 of the Voting Rights Act (VRA) as well as the Fourteenth and Fifteenth Amendments of the United States Constitution. (Dkt. 1). On December 23, 2019, the Court granted the Trustee Defendants' Motion to Dismiss, finding that the official-capacity claims Plaintiff asserted against the Trustee Defendants were "entirely duplicative of the claims and relief sought against LISD" and therefore should be dismissed. (Dkt. 44).

On November 22, 2019, the District filed its Motion for Summary Judgment, asserting

**DEFENDANT'S MOTION FOR ATTORNEYS' FEES** – Page 1

Plaintiff lacked standing and, regardless, Plaintiff could not meet the threshold of establishing a vote dilution claim under the VRA. (Dkt 40). On July 31, 2020, the Court issued its Order dismissing Plaintiff's claims for lack of standing. (Dkt. 61). Additionally, on October 16, 2020, the Court issued its Order granting the District's Motion for Separate Judgment and Award of Costs. (Dkt. 67). The Court issued a Final Judgment that same day. (Dkt. 68). The Court subsequently stayed Lewisville ISD's deadline to seek attorneys' fees pending the Fifth Circuit's resolution of Plaintiff's appeal. (Dkt. 73). The Fifth Circuit dismissed Plaintiff's appeal, at Plaintiff's request, on February 19, 2021. (Dkt. 79). The District now timely files this Motion seeking attorneys' fees.

## II. ARGUMENTS AND AUTHORITIES

Lewisville ISD seeks attorneys' fees against Plaintiff's counsel under 28 U.S.C. § 1927 based on Plaintiff's pursuit of unreasonable and vexatious litigation. Alternatively, Lewisville ISD asserts attorneys' fees should be assessed under 52 U.S.C. § 10310(a) and 42 U.S.C. § 1988(b) on the basis that the District was the prevailing party. More specifically, the District asserts it is entitled to attorneys' fees as Plaintiff, through his counsel, ignored the bedrock principles integral to conducting litigation (*i.e.*, standing) and continued to proceed with extensive discovery and development of the merits of the case even though the Court ultimately determined Plaintiff clearly lacked standing.[1]

**A.  Plaintiff's counsel engaged in unreasonable and vexatious litigation, entitling the District to attorneys' fees under 28 U.S.C. § 1927.**

28 U.S.C. § 1927 provides "[a]ny attorney . . . admitted to conduct cases in any court of the United States . . . who so multiplies the proceedings in any case unreasonably and vexatiously

---

[1] The District recognizes proceeding despite the lack of standing in this matter falls on Plaintiff's counsel. This is reflected in Lewisville ISD's request for attorneys' fees under 28 U.S.C. § 1927. But if the Court does not believe Plaintiff's counsel's conduct warrants fees under 28 U.S.C. § 1927, Lewisville ISD alternatively moves for attorneys' fees under 52 U.S.C. § 10310 and 42 U.S.C. § 1988.

**D**EFENDANT'S **M**OTION FOR **A**TTORNEYS' **F**EES – Page 2

may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."[2] To make such an award, there must be evidence of bad faith, improper motive, or reckless disregard of the duty owed to the court.[3] To that end,

> [t]he phrase "unreasonably and vexatiously" describes conduct that is objectively "harassing or annoying, or evinces the intentional or reckless pursuit of a claim, defense or position that is or should be known by the lawyer to be unwarranted in fact or law or is advanced for the primary purpose of obstructing the orderly process of the litigation."[4]

Lewisville ISD recognizes section 1927 should be used sparingly, and, even then, an award should "not shift the entire financial burden of an action's defense."[5] Nevertheless, the District posits Plaintiff's counsel's conduct during depositions, coupled with the "objectively unreasonable" invocation of the Court's jurisdiction warrants an award here. (Dkt. 67, pp.3-4).

With respect to the latter point, the Court previously analyzed Plaintiff's counsel's complete failure to "assert[] an injury in fact" on behalf of Plaintiff in its Order granting Lewisville ISD's Motion for Summary Judgment and subsequent award of costs. (Dkt. 61; Dkt. 67). While this is an important part of the District's request for fees under section 1927, in an effort to conserve party and judicial resources, Lewisville ISD focuses the Court's attention on Plaintiff's noticed depositions, which are the epitome of the "harassing and annoying" conduct section 1927 aims to address. And when coupled with the ignorance of the bedrock principle of standing, the result is a proper award for attorneys' fees against Plaintiff's counsel under 28 U.S.C. § 1927.

During discovery, Plaintiff noticed six depositions—Lewisville ISD's expert witnesses (Dr. Peter Morrison and Dr. John Alford), three members of the District's Board of Trustees (Angie

---

[2] 28 U.S.C. § 1927.
[3] *Pennie v. Obama*, 255 F. Supp. 3d 648, 675 (N.D. Tex. 2017) (citing *Procter & Gamble Co. v. Amway Corp.*, 280 F.3d 519, 525 (5th Cir 2002)); *Allen v. Travis*, No. CIV.A.3:06-CV-1361-M, 2007 WL 1989592, at *5 (N.D. Tex. July 10, 2007)
[4] *Van Dyke v. Retzlaff*, No. 4:18-CV-247, 2021 WL 351360, at *1 (E.D. Tex. Feb. 2, 2021) (quoting *In re W. Fid. Mktg, Inc.*, No. 4:01–MC–0020–A, 2001 WL 34664165, at *22 (N.D. Tex. Jun. 26, 2011).
[5] *Meadowbriar Home for Children, Inc. v. Gunn*, 81 F.3d 521, 535 (5th Cir. 1996).

**DEFENDANT'S MOTION FOR ATTORNEYS' FEES** – Page 3

Cox, Katherine Sells, and Tracy Miller), and Superintendent Kevin Rogers. (Exhibits A-H). While claims under the VRA are battles between competing expert witnesses, curiously Plaintiff's counsel only spent 3 hours and 27 minutes deposing Dr. Morrison. (Exhibit B, Exhibits G-H). In contrast, Plaintiff's counsel used the entirety of the seven hour time limit for each Board member deposed and Superintendent Rogers. (Exhibits A-H). While Plaintiff's counsel is entitled to utilize the deposition time limit in the Federal Rules of Civil Procedure, Plaintiff's counsel is not entitled to utilize that time limit to harass and annoy individuals with wholly irrelevant questioning.[6]

For example, during Superintendent Roger's deposition, Plaintiff's counsel spent a significant amount of time questioning him on a Title IX lawsuit the District prevailed on during trial. (Exhibit E pp.289 to 298). Under no circumstances is Lewisville ISD's response to a student complaint of alleged sexual harassment—a complaint for which it was exonerated—relevant to whether Plaintiff could establish a claim under the VRA. Plaintiff's counsel also blindsided Superintendent Rogers with a copy of a police report involving his son that Plaintiff had not previously produced in discovery. (Exhibit E pp.298-301). Moreover, Plaintiff's counsel's questioning of the report was highly inappropriate, harassing, and unrelated to Plaintiff's burden of proof under the VRA, particularly given that the complainant dropped the charges against Superintendent Rogers' son. (Exhibit E pp.298-323). This is in addition to irrelevant lines of questioning such as opting out of Common Core curriculum and Dr. Rogers' criticisms of the State of Texas Assessments of Academic Readiness (STAAR) test. (Exhibit E 21-26, 160-165).

Opposing counsel also meandered through Dr. Alford's deposition questioning him on matters wholly unrelated to his expert report, including the genetics of political ideology, the nature versus nurture of politics, and political biology. (Exhibit A pp.14-21, 29-37). Opposing

---

[6] Copies of the deposition transcripts are included for the Court's review. (Exhibits A-F). Lewisville ISD's discussion herein is meant to provide the Court with an overview.

**DEFENDANT'S MOTION FOR ATTORNEYS' FEES – Page 4**

counsel also ventured off into an unrelated discussion regarding the members in the United States Congress despite the fact that Plaintiff's VRA claim focused on a non-partisan school board election. (Exhibit A pp.172-173, 175-176, 293-294). This included asking Dr. Alford "[h]ow many 18-year-olds have been elected to Congress" despite the fact that the United States Constitution explicitly sets the age for United States Representatives at 25 and the age for United States Senators at 30.

Ms. Cox's deposition included an irrelevant discussion regarding the Lewisville ISD Education Foundation, as well as lengthy questioning regarding Ms. Cox's candidate questionnaire from the Lewisville Texas Journal, which had Ms. Cox explaining irrelevant topics such as Ms. Cox's stance on Lewisville ISD's request to opt out of the state of Texas' standardized testing, whether the District should offer special education services, and school finance lawsuits. (Exhibit C pp.50-75). Opposing counsel also questioned Ms. Cox on how "the District is dealing . . . mental health struggles" and accommodations on the STAAR for students with disabilities. (Exhibit C pp.172-174, 267-276, 279-280).

Mr. Miller's deposition likewise included a discussion of accommodations for students in need, specifically Mr. Miller's children. (Exhibit D p.50-52). Opposing counsel again meandered far afield of the actual issues related to Plaintiff's VRA claim, including the achievement gap with students, campus improvement plans, the relationship between the Board of Trustees and the Superintendent, and the District's continued relationship with Templeton Demographics. (Exhibit D pp.121-123, 126-137, 148-165, 242-243). And Ms. Sell's deposition also included irrelevant questioning ranging from the opinions of a Richardson Independent School District Board Member regarding single member districts, Ms. Sells' plans to seek other elected offices, and her views on allowing teachers to carry guns on campus. (Exhibit F pp.37-39, 145-146).

Incidentally, after deposing Superintendent Rogers for the full seven hours resulting in a 327 page transcript, Plaintiff utilized only 46 pages of the transcript to support his Response to the District's Motion for Summary Judgment. (Exhibit E; Dkt. 46). And after deposing Dr. Alford for seven hours, Ms. Cox for seven hours, Ms. Sells for seven hours, and Mr. Miller for seven hours, totaling 1,262 pages in deposition transcripts, 28 hours of actual deposition time, and 31 hours and 34 minutes of total time, Plaintiff only utilized 11 pages from Ms. Cox's deposition to support his Response to the District's Motion for Summary Judgment. (Exhibits A-F; Dkt. 46). This speaks to the harassing and vexatious nature of Plaintiff's counsel's conduct. Even if the Court had standing—which it did not—the depositions noticed by Plaintiff constituted nothing more than an irrelevant waste of time designed to harass and annoy the witnesses. (Exhibits G-H). Lewisville ISD should be awarded its requested attorneys' fees accordingly.

**B.  Alternatively, the District is entitled to attorneys' fees as Plaintiff's claim was frivolous, unreasonable, and groundless.**

52 U.S.C. § 10310(e) provides "[i]n any action or proceeding to enforce the voting guarantees of the fourteenth or fifteenth amendment, the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fees."[7] 42 U.S.C. § 1988(b) contains language substantially similar and, as such, the provisions are construed similarly.[8] Under the standard established by the Supreme Court, a prevailing defendant is entitled to fees when a plaintiff's underlying claim is frivolous, unreasonable or groundless or when the plaintiff continues to litigate after it clearly becomes so.[9] A finding of bad faith is not a prerequisite to an award of attorneys'

---

[7] 52 U.S.C. § 10310(e).
[8] 42 U.S.C. § 1988(b); *Craig v. Gregg Cty., Tex.*, 988 F.2d 18, 20 (5th Cir. 1993); *Boddie v. City of Cleveland, Miss.*, No. 4:01CV88-D-B, 2005 WL 2347277, at *1 (N.D. Miss. Sept. 26, 2005); *Connor v. Winter*, 519 F. Supp. 1337, 1339 (S.D. Miss. 1981) (citing *Riddell v. National Democratic Party*, 624 F.2d 539, 543 (5th Cir. 1980)).
[9] *Christianburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978); *Casarez v. Val Verde Cty.*, 27 F. Supp. 2d 749, 752-53 (W.D. Tex. 1998) (noting this standard applies to prevailing defendants in Voting Rights Act cases).

fees to a defendant.[10]

To prevent a chilling effect on the enforcement of civil rights and to "avoid discouraging all but 'airtight claims,' courts focus on whether a plaintiff's claim is colorable and of arguable merit."[11] While courts want to protect potential civil rights claims (as well as claims to enforce the VRA), they also want to protect defendants from burdensome litigation having no legal or factual basis.[12] This "standard insulates defendants from the monetary strain of 'burdensome litigation having no legal or factual basis.'"[13] Lewisville ISD asserts an award of attorneys' fees in this case will not create a chilling effect with regard to future claims as Plaintiff's counsel ignored bedrock legal principles in bringing the claims against Lewisville ISD and proceeded with extensive discovery regarding the merits of the case that the Court never even reached, thus constituting frivolous, unreasonable, and groundless litigation.

1. **Plaintiff's suit was frivolous.**

The Fifth Circuit has identified three factors as important in determining frivolity: (1) whether the plaintiff has established a prima facie case; (2) whether defendant offered to settle; and (3) whether the district court dismissed the case or held a full-blown trial.[14] While these factors may be neither exhaustive nor controlling in every situation, they are, nevertheless, instructive on the issue of frivolity.[15] When making this determination, the Court must assess Plaintiff's claim at

---

[10] *Christianburg*, 434 U.S. at 421.
[11] *Vaughner v. Pulito*, 804 F.2d 873, 878 (5th Cir. 1986) (citing *Jones v. Tex. Tech Univ.*, 656 F.2d 1137, 1145 (5th Cir. 1981).
[12] *Christiansburg*, 434 U.S. at 420.
[13] *Cantu Servs., Inc. v. Frazier*, 682 F. App'x 339, 342 (5th Cir. 2017) (quoting *Fox v. Vice*, 563 U.S. 826, 833 (2011)).
[14] *Walker v. City of Bogalusa*, 168 F. 3d 237, 240 (5th Cir. 1999) citing *United States v. Mississippi*, 921 F.2d 604, 609 (5th Cir. 1991); *Strain v. Kaufman County*, 23 F. Supp. 2d 698, 700 (N.D. Tex. 1998).
[15] *Myers v. City of West Monroe*, 211 F.3d 289, 292 (5th Cir. 2000); *Tannehill v. Tannehill*, No. 1:18-CV-00242, 2019 WL 847946, at *10 (W.D. La. Jan. 23, 2019), report and recommendation adopted, No. 1:18-CV-00242, 2019 WL 847445 (W.D. La. Feb. 21, 2019) (noting that these factors are 'guideposts,' and frivolousness must be judged on a case-by-case basis).

the time of filing suit and cannot engage in *post hoc* reasoning.[16] And when the Court analyzes these factors, they weigh in favor of granting Lewisville ISD its attorneys' fees.

### a. Plaintiff failed to establish standing, barring the Court from even reaching the merits of Plaintiff's claims.

Plaintiff brought suit against Lewisville ISD and the Trustee Defendants alleging a violation of Section 2 of the VRA and violations of the Fourteenth and Fifteenth Amendments. Plaintiff, Frank Vaughan, is a white individual who advocated for the minority groups of Asian, Black, and Hispanic voters in his community, arguing that "[t]he current electoral process denies [Plaintiff's] friends and neighbors an equal opportunity to elect representatives of their choice." (Dkt. 1). The District filed its Motion for Summary Judgment on the basis that Plaintiff lacked standing to pursue his claims as he had not suffered an injury in fact. (Dkt. 40).

In its Order, the Court agreed Plaintiff clearly did not have standing to pursue the claims alleged in his Original Complaint. In the Order granting the District's Motion for Separate Judgment and Award of Costs, the Court stated Plaintiff's "invocation of federal jurisdiction was objectively unreasonable," that Plaintiff "did not come close to—indeed he did not even attempt—asserting an injury in fact," that Plaintiff "plainly had no personal stake in this matter, yet he pursued the lawsuit anyway" and that Plaintiff's "attempt to pursue a claim in federal court based on allegations that other people suffered harm, while he suffered none, was objectively unreasonable." (Dkt. 67). As such, the Court did not reach the merits of Plaintiff's claims.

### b. The parties did not engage in settlement discussions.

The second factor under the Fifth Circuit's frivolity test is whether a defendant offered to

---

[16] *Obey v. Frisco Med. Ctr. L.L.P.*, No. 4:13-CV-00656, 2015 WL 2148063, at *2 (E.D. Tex. May 2, 2015); *Holloway v. Walker*, 784 F.2d 1294, 1296 (5th Cir. 1986); *Casarez*, 27 F. Supp. 2d at 752.

settle the plaintiff's claims.[17] Here, the parties did not engage in settlement discussions, and, in fact, acknowledged how fruitless such discussions would be. (Dkt. 47; Dkt. 51; Dkt. 52).

### c. Plaintiff's claims were summarily dismissed before the Court reached the merits of the claims.

Plaintiff originally brought suit against Lewisville ISD and all seven members of the District's Board of Trustees. The Court dismissed the Trustee Defendants on December 23, 2019, and dismissed Plaintiff's claims against the District for lack of standing on July 31, 2020. (Dkt. 44; Dkt. 61). As stated herein, the Court did not reach the merits of Plaintiff's claims against the District as the Court found Plaintiff had clearly not established an injury in fact and thus had failed to demonstrate standing.

### 2. Plaintiff's Suit was Unreasonable and Groundless

As the Court noted in its Memorandum Opinion and Order, the requirements of standing are well known: "a plaintiff must show (1) an 'injury in fact,' (2) a sufficient causal connection between the injury and the conduct complained of,' and (3) a 'likel[ihood]' that the injury 'will be redressed by a favorable decision.'"[18] (Dkt. 61). The Court additionally described injury in fact as the "'[f]irst and foremost' of the standing requirements," and later noted that Plaintiff "did not even come close to—indeed he did not even attempt—asserting an injury in fact." (Dkt. 61; Dkt. 67). Failure to even assert the most basic of requirements in bringing meritorious litigation constitutes unreasonable and groundless litigation.

### C. Calculation of attorneys' fees.

Once it is determined fees should be awarded, reasonable fees may be determined using

---

[17] *Walker*, 168 F.3d at 240; *but cf., Myers*, 211 F.3d at 292 (while acknowledging that settlement offers are still a factor to be examined, the court questioned their utility in light of the fact that some municipalities may have a standard policy of refusing to settle even meritorious claims).

[18] *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 157-58 (2014) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S.555, 56-61 (1992)) (alterations in original).

the lodestar method adopted by the Fifth Circuit, which requires the district court to "determine the reasonable number of hours expended on the litigation and the reasonable hourly rate for the participating lawyer. The lodestar is then computed by multiplying the number of hours reasonably expended by the reasonable hourly rate."[19] Using the factors set forth in *Johnson v. Georgia Highway Express*,[20] the Court "may then adjust the lodestar upward or downward depending on the respective weights of the twelve [*Johnson*] factors.[21] Lewisville ISD is not seeking an upward adjustment in its attorneys' fees. Indeed, as outlined below, the District is seeking a fraction of its attorneys' fees against Plaintiff's counsel or, alternatively, Plaintiff.

### D. Necessary Legal Services

Lewisville ISD retained Walsh Gallegos Treviño Russo & Kyle P.C. (Walsh Gallegos) to defend it against Plaintiff's claims. In order to defend the District, Walsh Gallegos expended 843.7 hours and the District incurred $151,363.75 in legal fees. The Declaration D. Craig Wood, supporting the attorneys' fees incurred, is attached as Exhibit G. A true and correct copy of the billings statements in this matter are attached to Mr. Wood's Declaration. The billings statements have been redacted to maintain the attorney-client privilege, as well as to remove any time entries for which the District is not seeking to recover attorneys' fees and costs. The Declaration of Meredith Prykryl Walker, supporting the attorneys' fees incurred, is attached as Exhibit H.

While the entire $151,363.75 was reasonable and necessary to provide the District with a defense to Plaintiff's claims, Lewisville ISD is only seeking to recover $52,663.25 in attorneys' fees, which represents approximately one-third of what was expended. This significant reduction

---

[19] *League of United Latin Am. Citizens No. 4552 (LULAC) v. Roscoe Indep. Sch. Dist.*, 119 F.3d 1228, 1232 (5th Cir. 1997) (describing calculation of attorneys' fees award in Voting Rights Act cases); *Forbush v. J.C. Penney Co.*, 98 F.3d 817, 821 (5th Cir. 1996).
[20] *Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).
[21] *LULAC*, 119 F.3d at 1232. *Forbush*, 98 F.3d at 821.

**DEFENDANT'S MOTION FOR ATTORNEYS' FEES** – Page 10

in in line with case law reflecting that 28 U.S.C. § 1927 should not be used to shift the entire financial burden of defending an action to opposing counsel.[22]

WHEREFORE, PREMISES CONSIDERED, Defendant Lewisville ISD respectfully prays that this Court grant its Motion for Attorneys' Fees and award the District $52,663.75 payable by Plaintiff or Plaintiff's counsel, Brewer Storefront PLLC. Lewisville ISD prays for such other and further relief to which it may show itself justly entitled.

Respectfully submitted,

By:   /s/ Meredith Prykryl Walker
Meredith Prykryl Walker
State Bar No. 24056487
D. Craig Wood
State Bar No. 21888700
Christine S. Badillo
State Bar No. 24046866

Meredith Prykryl Walker
Walsh Gallegos Treviño
Russo & Kyle P.C.
105 Decker Court, Suite 700
Irving, Texas 75062
214.574.8800
214.574.8801 (facsimile)
mwalker@wabsa.com

D. Craig Wood
WALSH GALLEGOS TREVIÑO
RUSSO & KYLE P.C.
1020 N.E. Loop 410, Suite 450
San Antonio, Texas 78209
210.979.6633
210.979.7024 (facsimile)
cwood@wabsa.com

Christine S. Badillo
WALSH GALLEGOS TREVIÑO
RUSSO & KYLE P.C.

---

[22] *Meadowbriar*, 81 F.3d at 535.

**DEFENDANT'S MOTION FOR ATTORNEYS' FEES – Page 11**

505 E Huntland Drive, Suite 600
Austin, Texas 78752
512.454.6864
512.467.9318 (facsimile)
cbadillo@wabsa.com

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF CONFERENCE

On February 18, 2021, D. Craig Wood, counsel for Lewisville Independent School District, and Michael J. Collins, counsel for Plaintiff, held a discussion regarding the District's entitlement to attorneys' fees. Based on that conversation, Plaintiff is opposed to the relief sought in this Motion.

/s/ Meredith Prykryl Walker
Meredith Prykryl Walker

## CERTIFICATE OF SERVICE

On March 5, 2021, I electronically submitted the foregoing document with the clerk of court for the United States District Court, Eastern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

William A. Brewer III
Michael J. Collins
Brewer Storefront, PLLC
1717 Main Street, Suite 5900
Dallas, Texas 75201

/s/ Meredith Prykryl Walker
Meredith Prykryl Walker

<u>**DEFENDANT'S MOTION FOR ATTORNEYS' FEES**</u> – Page 12