UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| FRANK VAUGHAN | § § | |
| v. | § § § | CIVIL NO. 4:19-CV-109-SDJ |
| LEWISVILLE INDEPENDENT SCHOOL DISTRICT | § § § | |

## MEMORANDUM OPINION & ORDER

Before the Court is Defendant Lewisville Independent School District's Motion for Attorneys' Fees. (Dkt. #80). Having considered the motion, the relevant briefing, and the applicable law, the Court **GRANTS in part** the motion.[1]

### I. BACKGROUND

Plaintiff Frank Vaughan sued Lewisville Independent School District ("LISD") and individual members of its Board of Trustees, alleging that LISD's at-large system for electing members of the Board of Trustees violated section 2 of the Voting Rights Act and the Fourteenth and Fifteenth Amendments. (Dkt. #1). The individual defendants successfully moved to dismiss the claims against them. (Dkt. #20, #44). Later, LISD moved for summary judgment. (Dkt. #40). The Court granted LISD's motion, finding that Vaughan lacked standing to pursue his claims because, as a white male, he was not a member of any of the minority groups allegedly disadvantaged by the at-large system. (Dkt. #61). The Court entered final judgment in LISD's favor and awarded LISD its taxable costs. (Dkt. #68).

---

[1] Neither party requested a hearing on LISD's motion, and the Court finds that a hearing is unnecessary to decide the motion.

1

LISD now seeks a portion of the attorney's fees it incurred in defending against Vaughan's lawsuit under either 42 U.S.C. § 1988(b) and 52 U.S.C. § 10310(e) or 28 U.S.C. § 1927.

## II. LEGAL STANDARDS

Both 42 U.S.C. § 1988(b) and 52 U.S.C. § 10310(e) allow a prevailing party to recover attorney's fees from the opposing party. Section 1988(b) provides that, in actions to enforce provisions of certain civil rights laws, "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b). Similarly, Section 10310(e) provides that "[i]n any action or proceeding to enforce the voting guarantees of the fourteenth or fifteenth amendment, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee, reasonable expert fees, and other reasonable litigation expenses as part of the costs." 52 U.S.C. § 10310(e). For a prevailing defendant to recover attorney's fees in a voting rights case, the defendant must show that "the plaintiff's claim was frivolous, unreasonable, or groundless." *LULAC v. Roscoe Indep. Sch. Dist.*, 123 F.3d 843, 848 (5th Cir. 1997) (citation omitted).

Under Section 1927, parties may also seek certain attorney's fees directly from opposing counsel. *See* 28 U.S.C. § 1927 (providing that when "[a]ny attorney . . . so multiplies the proceedings in any case unreasonably and vexatiously," courts may require such individual "to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct"). Claims for attorney's fees under Section 1927 must be proven by clear and convincing evidence.

*Hammervold v. Blank*, 3 F.4th 803, 811 (5th Cir. 2021) (citing *Bryant v. Mil. Dep't of Miss.*, 597 F.3d 678, 694 (5th Cir. 2010)).[2] An award of fees under Section 1927 "requires evidence of bad faith, improper motive, or reckless disregard of the duty owed to the court." *Cambridge Toxicology Grp., Inc. v. Exnicios*, 495 F.3d 169, 180 (5th Cir. 2007) (quotation omitted). "The phrase 'unreasonably and vexatiously' describes conduct that is objectively 'harassing or annoying, or evinces the intentional or reckless pursuit of a claim, defense or position that is or should be known by the lawyer to be unwarranted in fact or law or is advanced for the primary purpose of obstructing the orderly process of the litigation.'" *Van Dyke v. Retzlaff*, No. 4:18-CV-247, 2021 WL 351360, at *1 (E.D. Tex. Feb. 2, 2021) (citation omitted). "While the standard under § 1927 is vexatious multiplication of litigation, a district court may invoke this provision to award fees . . . for an entire course of proceedings if the case should never have been brought in the first place." *Strain v. Kaufman Cnty. Dist. Attorney's Off.*, 23 F.Supp.2d 698, 702 (N.D. Tex. 1998) (citation omitted).

### III. DISCUSSION

**A. Attorney's Fees Under Sections 1988(b) and 10310(e)**

Although the parties did not brief the issue, the Court notes that "[t]he availability of attorneys' fees under § 1988(b) is expressly limited to actions or

---

[2] As the Fifth Circuit noted in *Hammervold*, there has been some confusion regarding whether the clear and convincing standard applies to all Section 1927 motions. *See* 3 F.4th at 811 n.14. In a 2019 decision, *Morrison v. Walker*, 939 F.3d 633 (5th Cir. 2019), a Fifth Circuit panel concluded that the clear and convincing standard applies only when Section 1927 sanctions would shift the entire cost of defense. *Id.* at 637 n.13. But two years later, in *Hammervold*, the Court held that under the rule of orderliness it was bound to follow *Bryant*'s earlier holding that clear and convincing evidence is always required to impose Section 1927 sanctions. 3 F.4th at 811 n.14. Given the Fifth Circuit's most recent guidance on the issue, the Court applies the clear and convincing standard here.

3

proceedings to enforce certain enumerated provisions of federal law, including § 1983." *Noatex Corp. v. King Constr. Co. of Hous., L.L.C.*, 609 F.App'x 164, 166 (5th Cir. 2015) (per curiam) (citation omitted). The bases for Vaughan's claims—the Voting Rights Act and Fourteenth and Fifteenth Amendments—are not included in the list of provisions for which Section 1988 fees are available. Nonetheless, the Fifth Circuit has permitted prevailing *plaintiffs* to seek attorney's fees under Section 1988 despite not pleading Section 1983 claims if the "complaint presents a claim for which § 1983 affords succor." *Id.* at 167. The Court declines to decide whether Vaughan's complaint contains claims that could have been brought under Section 1983 or whether LISD would be entitled to attorney's fees under Section 1988(b) as a prevailing defendant. LISD unquestionably is entitled to seek such fees pursuant to Section 10310(e), and the two statutes are interpreted in the same manner. *See Craig v. Gregg Cnty.*, 988 F.2d 18, 20 (5th Cir. 1993) ("Because the phrase 'prevailing party' connotes the same general meaning under § [10310(e)] and 42 U.S.C. § 1988, cases under both Acts apply the same principles when determining [parties'] entitlement to attorneys' fees.").

For LISD to demonstrate its entitlement to attorney's fees pursuant to Section 10310(e), it must satisfy two prerequisites. First, LISD must be the prevailing party. *See* 52 U.S.C. § 10310(e). Second, LISD must show that Vaughan's claims were "frivolous, unreasonable, or groundless." *LULAC*, 123 F.3d at 848. The Court finds that LISD has satisfied both requirements and thus is entitled to reasonable attorney's fees.

4

As to the first prerequisite, the Court finds that LISD is the prevailing party. Vaughan argues that "the Court's dismissal of [his] claims for lack of standing is not the equivalent of a decision on the merits of the claims." (Dkt. #83 at 5). Vaughan's argument—like his previous arguments on standing—ignores Supreme Court precedent. "[A] defendant need not obtain a favorable judgment on the merits in order to be a 'prevailing party.'" *CRST Van Expedited, Inc. v. EEOC*, 578 U.S. 419, 431, 136 S.Ct. 1642, 194 L.Ed.2d 707 (2016). The *CRST* court, analyzing Title VII's fee-shifting provision,[3] 42 U.S.C. § 2000e-5(k), noted that one of Congress's purposes in including a fee-shifting provision was "to deter the bringing of lawsuits without foundation." *Id.* at 432 (quotation omitted). Therefore, circuit courts have "interpreted *CRST* to mean that, if a defendant succeeds on a jurisdictional issue, it may be a prevailing party." *Raniere*, 887 F.3d at 1305.

By prevailing on the standing issue, LISD "prevented [Vaughan] from achieving a material alteration of the relationship between" the parties and "received all relief to which [it was] entitled." *Id.* at 1306–07. Thus, LISD is the prevailing party under Section 10310(e). *See Garmong v. Cnty. of Lyon*, 807 F.App'x 636, 638–39 (9th Cir. 2020) (affirming finding that defendant was prevailing party under Section 1988 where case was dismissed because plaintiff lacked standing); *Small*

---

[3] Although the *CRST* court analyzed Title VII's fee-shifting provision, it noted that "Congress has included the term 'prevailing party' in various fee-shifting statutes, and it has been the Court's approach to interpret the term in a consistent manner." *Id.* at 422 (citation omitted); *see also Raniere v. Microsoft Corp.*, 887 F.3d 1298, 1306 (Fed. Cir. 2018) (referencing "the Supreme Court's clear command to construe the term 'prevailing party' consistently across fee-shifting regimes"). Therefore, this Court finds the *CRST* analysis applicable to the fee-shifting provision found in Section 10310(e).

5

*Just. LLC v. Xcentric Ventures LLC*, 873 F.3d 313, 327–28 (1st Cir. 2017) (affirming district court's finding that defendant was prevailing party where court resolved copyright dispute on standing grounds and did not reach merits); *Raniere*, 887 F.3d at 1306 ("Even if the district court's decision to dismiss with prejudice for lack of standing is not based on the substantive merits of a plaintiff's case, *CRST* makes clear that a merits decision is not required.").

As to the second requirement for an award of attorney's fees, the Court finds that Vaughan's claims were frivolous and unreasonable. The Court "review[s] frivolity by asking whether the case was so lacking in merit that it was groundless, rather than whether the claim was ultimately successful." *United States v. Mississippi*, 921 F.2d 604, 609 (5th Cir. 1991). "The factors important to frivolity determinations are (1) whether plaintiff established a prima facie case, (2) whether the defendant offered to settle, and (3) whether the district court dismissed the case or held a full-blown trial." *Id.*

Considering the three frivolity factors and the record in this case, the Court finds that Vaughan's claims were both frivolous and unreasonable. First, the Court was not able to reach the issue of whether Vaughan established a prima facie case because he did not establish standing, which is a foundational element of any claim. Vaughan "did not even attempt [to] assert[] an injury in fact," (Dkt. #67 at 4), he "ignored well-settled case law regarding [standing], and [he] made no credible arguments as to" his ability to pursue his claims against LISD. *Lugo v. Collin Cnty.*, No. 4:11-CV-00057, 2011 WL 6934440, at *3 (E.D. Tex. Dec. 8, 2011), *report and*

6

*recommendation adopted*, 2011 WL 6957548 (E.D. Tex. Dec. 30, 2011). Second, LISD never offered to settle. It would have been unreasonable to do so since Vaughan did not have standing. Third, the Court dismissed the claims against LISD without a trial. In sum, as this Court has previously stated, "Vaughan's attempt to pursue a claim in federal court based on allegations that other people suffered harm, while he suffered none, was objectively unreasonable." (Dkt. #67 at 5); *see also Garmong*, 807 F.App'x at 640 (upholding finding of frivolity and award of attorney's fees under Section 1988 where case was dismissed for lack of standing because plaintiff failed to allege an injury in fact).

Because LISD is the prevailing party and because Vaughan's claims were frivolous and unreasonable, LISD is entitled to an award of attorney's fees under Section 10310(e).

**B. Attorney's Fees Under Section 1927**

"[T]he Fifth Circuit [has] recognized that the same conduct that authorizes a fee award against the plaintiff under a statute comparable to § 1988(b) would support a joint award of attorney's fees against the plaintiff and his counsel, with 28 U.S.C. § 1927 supporting the award against counsel." *McCully v. Stephenville Indep. Sch. Dist.*, No. 4:13-CV-702-A, 2013 WL 6768053, at *2 (N.D. Tex. Dec. 23, 2013) (citing *Lewis v. Brown & Root, Inc.*, 711 F.2d 1287, 1291–92 (5th Cir. 1983), *clarified on reconsideration*, 722 F.2d 209 (5th Cir. 1984)). The *McCully* court awarded attorney's fees under both Section 1988(b) and Section 1927, finding that "[t]he very filing of this action was unreasonable and vexatious on the part of" the plaintiff and his attorney, "both of whom were responsible for the filing and pursuit of the

7

proceedings." *Id.* at *6; *see also Strain*, 23 F.Supp.2d at 702–03 (holding non-prevailing party and attorney jointly liable for attorney's fees under Sections 1988 and 1927). The Court finds that, given the similarity between Section 1988 and Section 10310(e), conduct that authorizes the award of fees under Section 10310(e) may also support a joint award of attorney's fees against the plaintiff and his counsel, with Section 1927 supporting the latter award.

The Court finds that Section 1927 supports an award of attorney's fees against Vaughan's counsel because LISD has proven by clear and convincing evidence that Vaughan's case was "unwarranted and should neither have been commenced or persisted in." *Lewis*, 711 F.2d at 1292. As the Court stated in its order granting LISD's motion for summary judgment and reiterated in its order granting LISD's motion for costs, it is a "bedrock principle" that the Constitution requires a plaintiff to have standing, the requirements of standing are well known, and the foremost requirement of standing is that the plaintiff must have suffered an injury in fact. *See* (Dkt. #67 at 4 (citing *Vaughan v. Lewisville Indep. Sch. Dist.*, 475 F.Supp.3d 589, 593 (E.D. Tex. 2020))). Vaughan's attorneys did not plausibly allege standing under existing law or argue that Vaughan's situation warranted a change to such law. Therefore, the Court finds that counsel, on behalf of Vaughan, recklessly pursued a claim that they knew or should have known was unwarranted. *See Liberty Legal Found. v. Nat'l Democratic Party of the USA, Inc.*, No. 12-2143-STA, 2012 WL 3683492, at *4 (W.D. Tenn. Aug. 24, 2012) (imposing Section 1927 sanctions where

"counsel for Plaintiff[s] reasonably should have known that all Plaintiffs lacked standing to bring this suit").

In its response to the motion for attorney's fees, Brewer Storefront, PLLC, the law firm representing Vaughan, argues that it "has successfully pursued other similar federal lawsuits to protect and promote the right to equal access to the electoral process."[4] (Dkt. #83 at 1). This assertion only provides further support for the Court's finding that these experienced attorneys knew or should have known that Vaughan had no standing to pursue his case. By filing Vaughan's complaint despite his failure to even attempt to assert an injury in fact, Vaughan's attorneys displayed a reckless disregard for their duty to this Court, and the Court finds that "[t]he very filing of this action was unreasonable and vexatious on the part of" Vaughan and his attorneys. *McCully*, 2013 WL 6768053, at *6.

"Worse, the irresponsible *manner* in which the litigation was conducted multiplied these needless proceedings," *Lewis*, 711 F.2d at 1292, and suggests an improper motive for maintaining this lawsuit. For example, despite Vaughan's inability to articulate an injury in fact, counsel noticed four non-expert depositions,

---

[4] Vaughan's attorneys cite a webpage containing Brewer Storefront news articles and press releases to support this proposition. *See* (Dkt. #83 at 1 n.1). The articles on that webpage reference two voting rights cases—*Tyson v. Richardson Independent School District*, No. 3:18-cv-212 (N.D. Tex.) and *Kumar v. Frisco Independent School District*, No. 4:19-cv-284 (E.D. Tex.). *Tyson* involved an African American plaintiff, *see* Compl. ¶ 13, *Tyson v. Richardson Indep. Sch. Dist.*, No. 3:18-cv-212 (N.D. Tex. Jan. 26, 2018), and settled before any dispositive motions were filed. *Kumar* involved an Indian American plaintiff. 443 F.Supp.3d 771, 776 (E.D. Tex. 2020). The *Kumar* court rejected the plaintiff's "attempt to assert standing on behalf of entire minority communities," *id.* at 788, and later dismissed with prejudice the plaintiff's claims, which by then were brought only on the plaintiff's behalf. Thus, there are critical dissimilarities between Brewer Storefront's prior cases and the instant case, and counsel have not succeeded on a standing argument like the one made here.

all of which lasted seven hours. And during these lengthy depositions, Vaughan's attorneys regularly strayed far afield from topics relevant to a voting rights case. Most egregiously, counsel ambushed one witness, Superintendent Kevin Rogers, with an improper and irrelevant line of questioning about a police report involving his son. The complainant in that matter ultimately did not file charges; nonetheless, Vaughan's attorney, over the course of more than twenty pages of deposition transcript, and over multiple objections by LISD's attorney, repeatedly asked Dr. Rogers about the event, focusing on the racial aspects of the accusation. *See* (Dkt. #80-6 at 76–83). "The Court is at a loss to understand how these questions sought relevant information or information reasonably calculated to lead to the discovery of admissible evidence in this litigation." *United States ex rel. Baltazar v. Warden*, 302 F.R.D. 256, 264 (N.D. Ill. 2014). This line of questioning appears solely designed to unreasonably harass and embarrass Dr. Rogers and, coupled with similarly irrelevant lines of questioning from other depositions in this matter, casts into doubt the motive for bringing suit against LISD. *See id.* at 264, 267 (awarding sanctions against attorney for improper lines of questioning during deposition).

Other irrelevant deposition topics that call into question the motive for bringing this groundless lawsuit include a Title IX lawsuit brought against LISD, (Dkt. #80-6 at 74–76), STAAR testing accommodations, (Dkt. #80-4 at 68–71), a witness's children's academic issues and accommodations, (Dkt. #80-5 at 14), and a witness's personal views on allowing teachers to carry guns on campus, (Dkt. # 80-7 at 38). The irrelevance of counsel's lines of questioning during these depositions is

10

underscored by the fact that Vaughan's attorneys did not directly cite a single line of testimony in Vaughan's response to LISD's motion for summary judgment. Rather, the only citations are to exhibits introduced by Vaughan's attorneys during the depositions.

In arguing against sanctions for this deposition conduct, Vaughan and his attorneys claim that counsel for LISD "made only 'form' objections and never objected to any line of questioning of its witnesses as purportedly irrelevant or harassing." (Dkt. #83 at 6). This assertion is patently false. *See, e.g.*, (Dkt. #80-6 at 73–74 (relevance objection)); (Dkt. #80-7 at 8 (relevance objection)). But even if LISD's attorney had used only "form" objections, this practice would be in keeping with the Eastern District of Texas's Local Rules and, in any event, does not show that LISD believed the questioning was relevant or appropriate. *See* Local Rule CV-30 ("Objections to questions during the oral deposition are limited to 'Objection, leading' and 'Objection, form.'"). This type of argument, advanced without any basis in law or fact, is representative of the unreasonable and vexatious conduct for which Vaughan's counsel is being sanctioned.

For the foregoing reasons, the Court finds that Vaughan's attorneys must be held jointly and severally liable for LISD's attorney's fees pursuant to Section 1927.

**C. Fees Awarded**

In the Fifth Circuit, reasonable attorney's fees are calculated using the lodestar method. *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 323–24 (5th Cir. 1995). To determine the lodestar, courts must determine the reasonable

number of hours expended by the attorney and the reasonable hourly rate for the attorney and then multiply the number of hours by the hourly rate. *Id.* at 324. There is a strong presumption in favor of the lodestar amount, but it may be adjusted based on the twelve factors set out in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974).

The burden is on the fee applicant to "produce satisfactory evidence . . . that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *McClain v. Lufkin Indus., Inc.*, 649 F.3d 374, 381 (5th Cir. 2011) (citation omitted). And the fee applicant must produce contemporaneous billing records or other documents so the Court can determine which hours are compensable. *In re Enron Corp. Sec., Derivative & ERISA Litig.*, 586 F.Supp.2d 732, 755 (S.D. Tex. 2008). Finally, the fee applicant must show the reasonableness of the hours billed and must prove that he or she exercised billing judgment. *Hensley v. Eckerhart*, 461 U.S. 424, 433–34, 103 S.Ct. 1933, 76 L.E.2d 40 (1983). "The Court is also an expert on reasonableness of fees and may use its own experience in deciding a fee award." *Tech Pharmacy Servs., LLC v. Alixa Rx LLC*, 298 F.Supp.3d 892, 904 (E.D. Tex. 2017) (citation omitted). "The essential goal in shifting fees . . . is to do rough justice, not to achieve auditing perfection." *Fox v. Vice*, 563 U.S. 826, 838, 131 S.Ct. 2205, 180 L.Ed.2d 45 (2011).

Here, LISD seeks to recover approximately one-third of its attorney's fees. LISD requests fees for work performed by three attorneys: Shareholders Meredith

Prykryl Walker, D. Craig Wood, and Christine S. Badillo. LISD claims that it seeks to recover $52,663.25; however, the billing records submitted show that it is seeking $56,589. Vaughan does not contest the amount or reasonableness of the fees requested. Therefore, the Court will "use the submitted time as a benchmark and exclude any time that is 'excessive, duplicative, or inadequately documented.'" *Walker v. City of Bogalusa*, No. CIV. A. 96-3470, 1997 WL 666203, at *6 (E.D. La. Oct. 24, 1997) (quoting *Kellstrom*, 50 F.3d at 328).

The Court finds that the reductions already made by LISD reflect some level of billing judgment. However, LISD completely redacted all billing entries for which it is not seeking compensation, so the Court cannot determine whether its billing judgment alone is sufficient. Based on the records provided, the Court finds that further reductions are warranted to ensure reasonableness.

First, "[i]n the fee-shifting context, compensating travel time at 50% of actual time is a common practice within the Fifth Circuit." *Lewallen v. City of Beaumont*, No. 1:05-CV-733-TH, 2009 WL 2175637, at *10 (E.D. Tex. July 20, 2009). LISD's attorneys generally billed travel at one-half rate; however, where they neglected to do so, the Court reduces the number of hours claimed. The June 12, 2019, entry related to travel to and from the courthouse is thus reduced from one hour to thirty minutes.

Second, because the motion for attorney's fees is brought solely by LISD on the basis of the standing issue asserted in LISD's summary judgment motion, which was resolved after the Court dismissed the individual defendants, the Court declines to

13

award fees for work done on behalf of the individual defendants. Accordingly, the March 22 and April 18, 2019, entries related to motion to dismiss briefing (totaling 1.8 hours) are eliminated.

Third, Walker avers in her declaration that LISD is only seeking to recover Walker's, Wood's, and Badillo's attorney's fees. She affirms that LISD is "not seeking to recover attorneys' fees for other attorneys who worked on this matter." (Dkt. #80-9 ¶ 6). Therefore, the July 2019 entries attributed to Demi S. Williams, totaling 6.5 hours, are eliminated.

Fourth, the Court finds that some of the hours billed are inadequately documented due to heavy redactions. "Redaction of billing records is acceptable so long as the court has sufficient information to form an opinion on the reasonableness of the fees." *Randolph v. Dimension Films*, 634 F.Supp.2d 779, 800 (S.D. Tex. 2009). A number of LISD's attorneys' billing entries do not meet this standard. For example, an entry from August 22, 2019, merely reads: "Assist with continued review and analysis of documents [redacted]." (Dkt. #80-8 at 28). And many entries read similarly to this August 26, 2019, entry: "Telephone conference with General Counsel regarding [redacted]." (Dkt. #80-8 at 29). Finally, the redactions render some entries nonsensical, such as this March 11, 2019, entry: "Initial preparation of the District individual [redacted]." (Dkt. #80-8 at 6). Further, because LISD did not submit any evidence regarding the entries it completely redacted, the Court cannot fully analyze the adequacy of the billing judgment exercised by LISD. For instance, the majority of the hours for which LISD seeks payment were billed by Walker, the attorney with

the highest billing rate. Because of the redactions, the Court cannot evaluate whether Walker's time was duplicative of other attorneys' time or whether an attorney with a lower billing rate could have performed the work.

"[I]n dealing with such surplusage, the court has discretion simply to deduct a reasonable percentage of the number of hours claimed as a practical means of trimming fat from a fee application." *Randolph*, 634 F.Supp.2d at 798 (citation omitted). This approach is particularly appropriate in the instant case, as Vaughan did not object to any billing entries, and the billing records are voluminous. After a careful review of the billing records and affidavits submitted by LISD, the Court finds that an across-the-board reduction of 10% of LISD's counsel's hours is justified.

After making the foregoing deductions, the Court finds that LISD attorneys Walker, Wood, and Badillo expended 241.38 compensable hours.

Turning to the second part of the lodestar calculation, the Court finds that the hourly rates requested by LISD's counsel are reasonable. "An attorney's requested hourly rate is prima facie reasonable when he [or she] requests that the lodestar be computed at his or her customary billing rate, the rate is within the range of prevailing market rates, and the rate is not contested." *Martinez v. Refinery Terminal Fire Co.*, No. 2:11-CV-00295, 2016 WL 4594945, at *7 (S.D. Tex. Sept. 2, 2016) (citing *Kellstrom*, 50 F.3d at 328). Here, the rates charged appear to be the attorneys' customary billing rates and are not contested. Thus, the Court need only consider whether the requested rates are within the prevailing market rates.

Wood, a Shareholder who has practiced law for over thirty years, charged LISD between $185 per hour and $205 per hour. (Dkt. #80-9 ¶ 6). He avers that these fees are "those customarily charged in this area for the same or similar services by an attorney with the experience, reputation, and ability of the attorneys with Walsh Gallegos Treviño Russo & Kyle P.C." (Dkt. #80-8 ¶ 8). Walker, a Shareholder who has practiced law for more than fourteen years, charged LISD $205 per hour before October 1, 2019, and $225 after that date. (Dkt. 80-9 ¶ 6). Badillo, a Shareholder who has been practicing law for approximately seventeen years, charged LISD $185 per hour. (Dkt. 80-9 ¶ 6). Walker contends that her and Badillo's rates are those customarily charged by comparable attorneys. (Dkt. 80-9 ¶ 7). Rates between $185 and $225 per hour are below the median hourly rate charged by attorneys in the state of Texas in general and the Dallas-Fort Worth-Arlington Metropolitan Statistical Area in particular in 2019. *2019 Income and Hourly Rates*, STATE BAR OF TEXAS, https://www.texasbar.com/AM/Template.cfm?Section=demographic_and_economic_trends&Template=/CM/ContentDisplay.cfm&ContentID=54950. The rates are also reasonable in light of the three attorneys' years of experience. *See 2015 Hourly Fact Sheet*, STATE BAR OF TEXAS DEP'T OF RESEARCH & ANALYSIS (Aug. 2016), https://www.texasbar.com/AM/Template.cfm?Section=Archives&Template=/CM/ContentDisplay.cfm&ContentID=34182 (reflecting a median rate of $258 for attorneys practicing eleven to fifteen years and $300 for attorneys practicing sixteen or more years). The Court finds that the requested rates are reasonable.

Having found that the rates charged by LISD's attorneys are reasonable, and having multiplied the rates by the reasonable hours charged at each rate, the Court finds that LISD is entitled to $49,498.25 in attorney's fees, broken down as follows:

| Attorney | Reasonable Hours | Reasonable Fees |
|---|---|---|
| Meredith Prykryl Walker | 167.13 | $35,314.25 |
| D. Craig Wood | 59.85 | $11,520 |
| Christine S. Badillo | 14.4 | $2,664 |

Finally, the Court finds that the *Johnson* factors do not counsel in favor of an upward or downward adjustment to the lodestar amount. The *Johnson* factors are: (1) the time and labor required to represent the client or clients; (2) the novelty and difficulty of the issues in the case; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney; (5) the customary fee charged for those services in the relevant community; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. 488 F.2d at 717–19. In this case, factors (1), (5), and (9) are already subsumed into the lodestar and do not warrant an adjustment. The remaining factors are less relevant, are not addressed by either party, and have no bearing on the fee award.

## IV. Conclusion

For the foregoing reasons, it is **ORDERED** that LISD's Motion for Attorneys' Fees, (Dkt. #80), is **GRANTED in part**. The Court grants LISD's request for attorney's fees but declines to award the full amount requested. The Court awards LISD $49,498.25 in attorney's fees. It is further **ORDERED** that Vaughan's attorneys and the law firm of Brewer Storefront, PLLC are jointly and severally liable with Vaughan for the fees awarded herein.

**So ORDERED and SIGNED this 28th day of December, 2021.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE